**FILED**
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

MAR 22 2023

MITCHELL R. ELFERS
CLERK OF COURT

AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) Case No. 23MR641 |
| An Apple iPhone SE (Subject Telephone #1) | ) |
| A BLU M8L Plus (Subject Telephone #2) | ) |
| An HP Laptop (Subject Computer #1) | ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

An Apple iPhone SE, a BLU M8L Plus, and an HP Laptop, more fully described in Attachment A, which is attached and incorporated herein.

located in the _____ District of \_\_\_\_\_New Mexico\_\_\_\_\_ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached and incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. 922(a)(1) | -Engaging in the business of dealing firearms without a license. |
| Title 18 U.S.C. 922(a)(6) | -False statements intended to deceive FFL of fact material to lawfulness of sale. |
| Title 18 U.S.C. 924(a)(1)(A) | -False statements regarding information required to be kept in FFL records. |

The application is based on these facts:

See Affidavit in Attachment C, attached and incorporated herein.

☑ Continued on the attached sheet.

☐ Delayed notice of \_\_\_\_\_ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Marcus Robinson, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
\_\_electronic submission and telephonic swearing\_\_ *(specify reliable electronic means)*.

Date:  3/22/23

_____
*Judge's signature*

City and state:  Las Cruces, New Mexico

Gregory J. Fouratt, United States Magistrate Judge
*Printed name and title*

ATTACHMENT A

**PROPERTY TO BE SEARCHED**

The affidavit, *see* **Attachment C**, is submitted in support of warrant to search and seize information, more fully described in **Attachment B**, contained in the following electronic device(s) (referred to in **Attachment B** and **Attachment C** as "Subject Telephone #1", "Subject Telephone #2", and "Subject Computer #1" to include any SIM cards found in or with the Subject Telephone(s) and Subject Computer. This warrant authorizes the forensic examination of the entire device for the purpose of identifying the electronically stored information described in Attachment B.

<u>**Subject Telephone #1**</u>

Subject Telephone #1 is a red iPhone, which was seized from Richard Clements on March 16, 2023, in Carlsbad, New Mexico. Subject Telephone #1 is currently in the custody of the Bureau of Alcohol, Tobacco, Firearms, and Explosives located in Las Cruces, New Mexico, and is depicted in the photographs below:



## Subject Telephone #2

Subject Telephone #2 is a blue BLU M8L, which was seized from Richard Clements on March 16, 2023, in Carlsbad, New Mexico.  Subject Telephone #2 is currently in the custody of the Bureau of Alcohol, Tobacco, Firearms, and Explosives located in Las Cruces, New Mexico, and is depicted in the photographs below:



## Subject Computer #1

Subject Computer #1 is a red HP Laptop, which was seized from Richard Clements on March 16, 2023, in Carlsbad, New Mexico.  Subject Computer #1 is currently in the custody of the Bureau of Alcohol, Tobacco, Firearms, and Explosives located in Las Cruces, New Mexico, and is depicted in the photographs below:



ATTACHMENT B

**PARTICULAR THINGS TO BE SEIZED/INFORMATION TO BE RETRIEVED**

The particular things to be seized include all records, wherever located and in whatever format, stored on the device(s) described in **Attachment A** that are related to violations of 18 U.S.C. § 922(a)(1), 18 U.S.C. § 922(a)(6), and 18 U.S.C. § 924 (a)(1)(A) by Richard Clements including:

1.   Phone numbers, names, usernames, email addresses, residential addresses, and other identifying information of customers, distributors, sources of supply, and other associates of the user of Subject Telephone #1, Subject Telephone #2, and Subject Computer #1;

2.   Audio and video calls made to or from Subject Telephone #1, Subject Telephone #2, and Subject Computer #1, along with the duration and date and time each such communication occurred;

3.   Any message logs or messages, whether sent from, to, or drafted on, Subject Telephone #1, Subject Telephone #2, and Subject Computer #1, along with the date and time each such communication occurred;

4.   The content of voice mail messages and audio and video messages stored on Subject Telephone #1, Subject Telephone #2, and Subject Computer #1, along with the date and time each such communication occurred;

5.   Photographs or video recordings;

6.   Information relating to the schedule, whereabouts, or travel of the user of Subject Telephone #1, Subject Telephone #2, and Subject Computer #1;

7.   Information relating to other methods of communications, including the contents of those communications, utilized by the user of Subject Telephone #1, Subject Telephone #2, and Subject Computer #1, and stored on Subject Telephone #1, Subject Telephone #2, and Subject Computer #1;

8.   Bank records, checks, credit card bills, account information and other financial records; and

9.   Evidence of user attribution showing who used or owned Subject Telephone #1, Subject Telephone #2, and Subject Computer #1, such as social media accounts, email addresses, messages, location information, photographs and videos, phonebooks, saved usernames and passwords, documents, and internet browsing history.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the ATF shall deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

ATTACHMENT C

**Affidavit In Support of an Application for a Search Warrant**

I, Marcus Robinson, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for a search warrant authorizing the examination of a red in color Apple iPhone SE, Serial Number: DX3DW037PMFJ (Subject Telephone #1), a blue in color BLU M8L Plus, IMEI: 350933982310128 (Subject Telephone #2), and a red in color HP Laptop, Serial Number: 5CD5427GHK (Subject Computer #1) described in Attachment A, which are currently in law enforcement possession, and the extraction from the listed items of the electronically stored information described in Attachment B.

2.      I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.  I have been employed as a Special Agent with ATF since April 24, 2022.  Prior to working with ATF, I was employed by the Bureau of Diplomatic Security (DS) as a Criminal Investigator for nine years. During my career as a law enforcement agent, I have conducted numerous criminal investigations concerning violations of Federal Firearms Laws and have received ongoing training in conducting such investigations.

3.      My experience as a law enforcement agent includes, but is not limited to: conducting physical surveillance, interviewing witnesses, writing affidavits for and executing

search warrants, working with undercover agents and informants, and issuance of administrative and federal grand jury subpoenas.

4.       Through my training, education, and experience, I have become familiar with the manner in which firearms straw purchasers and unlicensed dealers operate.  I know that such individuals often maintain one or more cellular or smart phones and laptops which they utilize to further the illegal acquisition and sale of firearms.  Straw purchasers and unlicensed dealers use these devices to communicate operational directives and information concerning the conduct of their illegal activities to other individuals including suppliers, distributors, and other co-conspirators.  I also know through my experience and training that timely communication of information between co-conspirators is critical to the overall success of an organization's illegal activities.  The critical nature of this information is derived from the necessity of the unlicensed dealer to provide instructions for the acquisition, transportation, and distribution of firearms.

5.       I also know that some devices utilize subscriber identity module ("SIM") cards.  A SIM card is a chip that is used to authenticate a device to a network.  The SIM card generally contains subscriber information and authentication information, and it may contain contacts and encryption information.  The portability of SIM cards in some devices allows a user to easily change devices, while maintaining the same telephone number, by removing the card from one device and inserting it into another.  While SIM cards may have the capability to store some of the evidence described above, the storage capacity of devices tends to far exceed that of SIM cards.  Which information is stored on the SIM card, on the device, or in both locations varies and depends on variables such as the user-defined settings on the device and the memory capacity of the SIM card.  Accordingly, information pertaining to unlicensed firearms dealing activity may be located on the SIM card itself, as well as the device in which the SIM card was

inserted.

6.      I further know from my training and experience that a cache of information concerning unlicensed firearms dealing activities and revealing the identity of the user of the device can be found on these devices.  This information includes dialed, received, or missed calls and messages sent, received, or placed in draft status, which can be found on these devices, including in third-party applications (or "apps") with messaging and audio and video calling features, such as Facebook Messenger, WhatsApp, SnapChat.  I know that the identities, telephone numbers, and usernames of other participants involved in unlicensed firearms dealing activity are often maintained in contact lists on these devices, including in third-party social media and other applications.  In my experience, unlicensed firearms dealers also use these devices to take and store photographs or video recordings of themselves, including with their co-conspirators and with contraband including narcotics, currency, and firearms.  Unlicensed firearms dealers also use GPS applications (such as Google Maps or Apple Maps), which can reveal their whereabouts when they conducted or arranged unlicensed firearms dealing related activities or travel, as well as establishing identity of the user of the device based on the locations frequented.  In addition, unlicensed firearms dealers can also use these devices to store information related to the financial transactions related to unlicensed firearms dealing, such as financial accounts and transactions.

7.      I have personally participated in the investigation set forth below.  I am familiar with the facts and circumstances of the investigation through my personal participation, from discussions with other federal agents, as well as agents from state and local law enforcement agencies, and from my review of records and reports relating to the investigation.  Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the statement was

either made to me or was provided by another law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated. Because this affidavit is being submitted for the limited purpose of securing an order authorizing the acquisition of the Requested Information, I have not included details of every aspect of the investigation. Facts not set forth herein are not being relied on in reaching my conclusion that the requested order should be issued. Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

8.      Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 922(a)(1), 18 U.S.C. § 922(a)(6), and 18 U.S.C. § 924 (a)(1)(A) relating to dealing firearms without a license and making false statements in conjunction with a firearm purchase (the "Target Offenses"), have been committed by CLEMENTS. There also is probable cause to believe that Subject Telephone #1, Subject Telephone #2, and Subject Computer #1 contain evidence of these criminal violations and will lead to the identification of additional individuals who are engaged in the commission of these offenses.

**PROBABLE CAUSE**

9.      The United States is conducting a criminal investigation of CLEMENTS regarding possible violations of the Target Offenses.

10.     On or about February 9. 2022, ATF Special Agents seized nine firearms and 2,700 rounds of assorted ammunition from F.M. F.M. had been stopped by Arizona Department of Public Safety (DPS) State Troopers for a traffic violation in Mohave County, Arizona, while enroute to California. After being duly advised of his/her *Miranda* Rights, he/she waived those

rights and advised ATF Special Agents that he/she purchased the firearms and ammunition in New Mexico for transport to California. The individual signed a written Consent to Search form for his/her cellular phone which was retained for evidence during the same interaction.

11.     On or about February 22, 2022, ATF Special Agents completed a review of data extracted from the retained cellular phone. During this review, a series of messages to and from CLEMENTS revealed that CLEMENTS had recently purchased four of the nine firearms seized on or about February 9, 2022. Additionally, it revealed that CLEMENTS had sent 301 North Second Street, Carlsbad, New Mexico to F.M. as the pick-up location for the firearms. A Multiple Sales and Firearms Trace query of CLEMENTS was conducted and confirmed CLEMENTS had purchased three of the nine seized firearms on or about February 6, 2022, and one of the nine seized firearms on or about February 8, 2022.

12.     Further investigation into Multiple Sales and Firearms Trace history for CLEMENTS revealed the thirty-eight reports and/or recoveries. All purchases by CLEMENTS were conducted in New Mexico. listed below:

- ATF Multiple Sales Report (M20080104251), dated July 30, 2008, which shows the purchase of two (2) firearms from a Federal Firearms Licensee (FFL) on 07/21/2008

- ATF Firearms Trace Summary (T20140057464), which shows the recovery of a Maverick Arms, 12-gauge Shotgun by the Coryell County, Texas Sheriff's Office on 02/21/2014. This firearm was purchased by CLEMENTS on 04/28/2006 at an FFL but is not associated with an ATF Multiple Sales Report

- ATF Firearms Trace Summary (T20140293365), which shows the recovery of a Haskell, .45 caliber Pistol by the Wilmington, North Carolina Police Department on 09/05/2014. This

firearm was purchased by CLEMENTS on 07/21/2008 at an FFL and is associated with ATF Multiple Sales Report (M20080104251)

- ATF Multiple Sales Report (M20150040027), dated February 7, 2015, which shows the purchase of three (3) firearms from an FFL on 01/22/2015

- ATF Multiple Sales Report (M20160342417), dated September 2, 2016, which shows the purchase of three (3) firearms from an FFL on 08/26/2016

- ATF Multiple Sales Report (M20180062958), dated January 30, 2018, which shows the purchase of two (2) firearms from an FFL on 01/13/2018

- ATF Multiple Sales Report (M20180311244), dated August 7, 2018, which shows the purchase of four (4) firearms from an FFL on 07/27/2018

- ATF Multiple Sales Report (M20180311253), dated August 7, 2018, which shows the purchase of two (2) firearms from an FFL on 07/27/2018

- ATF Firearms Trace Summary (T20180439983), which shows the recovery of a Hipoint, 9mm caliber Pistol by the Artesia Police Department on 12/18/2018. This firearm was purchased by CLEMENTS on 06/27/2014 at an FFL but is not associated with an ATF Multiple Sales Report

- ATF Firearms Trace Summary (T20190204098), which shows the recovery of a Tanfoglio, 9mm caliber Pistol by the California Highway Patrol on 04/12/2019. This firearm was purchased by CLEMENTS on 01/13/2018 at an FFL and is associated with ATF Multiple Sales Report (M20180062958)

- ATF Multiple Sales Report (M20190419586), dated November 20, 2019, which shows the purchase of four (4) firearms from an FFL on 11/08/2019

- ATF Multiple Sales Report (M20190472611), dated December 18, 2019, which shows the purchase of two (2) firearms from an FFL on 11/22/2019

- ATF Firearms Trace Summary (T20200030145), which shows the recovery of a Taurus, .45 caliber Pistol by the Fontana, California Police Department on 01/14/2020. This firearm was purchased by CLEMENTS on 01/22/2015 at an FFL and is associated with ATF Multiple Sales Report (M20150040027)

- ATF Multiple Sales Report (M20200132027), dated March 18, 2020, which shows the purchase of two (2) firearms from an FFL on 03/06/2020

- ATF Multiple Sales Report (M20200151257), dated April 7, 2020, which shows the purchase of two (2) firearms from an FFL on 03/20/2020

- ATF Multiple Sales Report (M20200252641), dated June 30, 2020, which shows the purchase of two (2) firearms from an FFL on 04/27/2020

- ATF Multiple Sales Report (M20200268107), dated July 9, 2020, which shows the purchase of four (4) firearms from an FFL on 04/24/2020

- ATF Multiple Sales Report (M20200285820), dated July 16, 2020, which shows the purchase of two (2) firearms from an FFL on 05/28/2020

- ATF Multiple Sales Report (M20200366842), dated August 25, 2020, which shows the purchase of two (2) firearms from an FFL on 06/23/2020

- ATF Multiple Sales Report (M20200377458), dated August 31, 2020, which shows the purchase of two (2) firearms from an FFL on 07/07/2020

- ATF Multiple Sales Report (M20200377464), dated August 31, 2020, which shows the purchase of five (5) firearms from an FFL on 07/08/2020

- ATF Multiple Sales Report (M20200392603), dated September 9, 2020, which shows the purchase of two (2) firearms from an FFL on 07/13/2020

- ATF Multiple Sales Report (M20200409675), dated September 17, 2020, which shows the purchase of two (2) firearms from an FFL on 07/15/2020

- ATF Multiple Sales Report (M20200474222), dated October 20, 2020, which shows the purchase of two (2) firearms from an FFL on 08/19/2020

- ATF Multiple Sales Report (M20200528804), dated November 13, 2020, which shows the purchase of two (2) firearms from an FFL on 09/10/2020

- ATF Multiple Sales Report (M20200530144), dated November 13, 2020, which shows the purchase of two (2) firearms from an FFL on 09/10/2020

- ATF Multiple Sales Report (M20200532221), dated November 16, 2020, which shows the purchase of three (3) firearms from an FFL on 09/11/2020

- ATF Multiple Sales Report (M20200546129), dated November 20, 2020, which shows the purchase of two (2) firearms from an FFL on 09/10/2020

- ATF Multiple Sales Report (M20200589668), dated December 10, 2020, which shows the purchase of two (2) firearms from an FFL on 10/06/2020

- ATF Multiple Sales Report (M20210034758), dated January 13, 2021, which shows the purchase of two (2) firearms from an FFL on 12/08/2020

- ATF Firearms Trace Summary (T20210036807), which shows the recovery of a Canik 55, 9mm caliber Pistol by the Albuquerque Police Department on 01/22/2021. This firearm was purchased by CLEMENTS on 10/15/2019 at an FFL but is not associated with an ATF Multiple Sales Report

- ATF Multiple Sales Report (M20210128354), dated February 12, 2021, which shows the purchase of five (5) firearms from an FFL on 01/14/2021

- ATF Multiple Sales Report (M20210132501), dated February 16, 2021, which shows the purchase of two (2) firearms from an FFL on 01/22/2021

- ATF Multiple Sales Report (M20210220831), dated March 16, 2021, which shows the purchase of seven (7) firearms from an FFL on 03/14/2021

- ATF Multiple Sales Report (M20210249990), dated March 30, 2021, which shows the purchase of four (4) firearms from an FFL on 03/28/2021

- ATF Multiple Sales Report (M20210318374), dated May 5, 2021, which shows the purchase of two (2) firearms from an FFL on 04/28/2021

- ATF Multiple Sales Report (M20210341386), dated May 19, 2021, which shows the purchase of two (2) firearms from an FFL on 04/28/2021

- ATF Firearms Trace Summary (T20210224733), which shows the recovery of a Weihrauch, .357 caliber Revolver by the Albuquerque Police Department on 05/25/2021. This firearm was purchased by CLEMENTS on 11/08/2019 at an FFL and is associated with ATF Multiple Sales Report (M20190419586)

- ATF Firearms Trace Summary (T20210340044), which shows the recovery of a Glock 17, 9mm caliber Pistol by the Kern County, California Sheriff's Office on 07/25/2021. This firearm was purchased by CLEMENTS on 07/08/2020 at an FFL and is associated with ATF Multiple Sales Report (M20200377464)

- ATF Multiple Sales Report (M20210522045), dated September 16, 2021, which shows the purchase of two (2) firearms from an FFL on 09/15/2021

Page 9

- ATF Multiple Sales Report (M20210602533), dated November 09, 2021, which shows the purchase of two (2) firearms from an FFL on 11/08/2021

- ATF Multiple Sales Report (M20210674126), dated December 17, 2021, which shows the purchase of two (2) firearms from an FFL on 12/16/2021

- ATF Multiple Sales Report (M20220059401), dated February 08, 2022, which shows the purchase of two (2) firearms from an FFL on 02/06/2022

- ATF Multiple Sales Report (M20220060514), dated February 08, 2022, which shows the purchase of two (2) firearms from an FFL on 02/08/2022

A criminal database query revealed that none of the firearms in the aforementioned transactions have been reported stolen by CLEMENTS.

13.    On or about March 22, 2022, ATF Special Agents conducted a non-custodial interview of CLEMENTS at his residence located at 301 North Second Street, Carlsbad, New Mexico. CLEMENTS was shown copies of ATF Form 4473 Firearms Transaction Record for the firearms seized on or about February 9, 2022, bearing CLEMENTS' signature. CLEMENTS confirmed that the handwriting and signature on the documents belonged to him. When inquired as to the location of the seized firearms, CLEMENTS claimed he kept his firearms stored in a safe at the residence of a friend except for one that was in the trunk of his vehicle. CLEMENTS identified his vehicle as being a four door, white in color, Lincoln MKZ, bearing NM Tag Number: 015SYF.

14.    When ATF Special Agents informed CLEMENTS that the firearms from the presented ATF Form 4473s were all in ATF custody, CLEMENTS admitted to acquiring the firearms in New Mexico at the request of F.M. to sell to F.M. During the interview, CLEMENTS admitted to selling approximately twenty firearms in total to F.M. over multiple occasions.

Eventually, CLEMENTS admitted that he was no longer in possession of any firearms that he had previously purchased and sold firearms to F.M. because CLEMENTS was unable to work, receiving only social security benefits which was not enough to pay rent. CLEMENTS stated that he would also frequently purchase firearms from FFLs to sell at flea markets to make money. CLEMENTS stated that he used to have a notebook to record all transactions but could not recall where he had stored the notebook.

15.     During the March 22, 2022, interview of CLEMENTS, ATF Special Agents provided CLEMENTS with an ATF Warning Notice of Straw Purchasing and an ATF Warning Notice of Unlicensed Firearms Dealing. The letter identified the Target Offenses as specific Federal statutes which CLEMENTS' continued activity would violate. ATF Federal Agents also placed a National Instant Crime Background Check System (NICS) alert on CLEMENTS in order to receive notice of future firearms purchases by CLEMENTS.

16.     On February 25, 2023, ATF Special Agents received a NICS alert indicating CLEMENTS had completed a multiple sale transaction from an FFL in New Mexico for one 9mm caliber pistol and one .40 S&W caliber pistol.

17.     I queried the ATF Licensing Center for an active or previous FFL's held by CLEMENTS. The licensing center was able to confirm that CLEMENTS does not, nor has CLEMENTS ever held an FFL.

18.     CLEMENTS lists his address on the ATF Form 4473 (which is a required document for the legal purchase of a firearm from an FFL) as 2510 Holland Lane, Carlsbad, NM. However, during his March 22, 2022, interview with ATF Agents, CLEMENTS confirmed that his residential address was 301 North Second Street, Carlsbad, NM. CLEMENTS was advised during the March 22, 2022, interview by ATF Agents that it was unlawful to list an incorrect residential

address on the ATF Form 4473. Additionally, it is noted that during the completion of the ATF Form 4473's on multiple occasions, CLEMENTS marked "yes" to section 21 subsection "a", which specifically states "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?".  This section also has a warning listed which states "Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you. Exceptions: if you are only picking up a repaired firearm(s) for another person, you are not required to answer 21.a. and may proceed to question 21.b.".

19.     Based on CLEMENTS' answer to this question, within this section of ATF Form 4473, CLEMENTS' admission to purchasing firearms for F.M, CLEMENTS' admission to selling firearms to pay bills, firearms purchased by CLEMENTS being recovered and found to be in the possession of other individuals, and the recent multiple sale transaction by CLEMENTS there is probable cause to conclude CLEMENTS is being untruthful in his execution of the ATF Form 4473 and engaged in the business of dealing firearms without a license.

20.     On March 16, 2023, ATF Agents and Task Force Officers executed a Federal Search Warrant issued by the District Court for the District of New Mexico at the residence of CLEMENTS at 301 North Second Street, Carlsbad, New Mexico at 07:00 a.m.  During the execution of the search, ATF Agents seized Subject Telephone #1, Subject Telephone #2, and Subject Computer #1 from the sleeping area of CLEMENTS.  After being duly advised of his *Miranda* Rights, CLEMENTS waived those rights verbally and in writing before agreeing to speak with ATF Agents.  CLEMENTS confirmed the signature on ATF Form 4473 dated February 25, 2023, belonged to him, and he confirmed that he had been advised by ATF Agents that it was unlawful to list an incorrect address on ATF Form 4473.  When asked about the location of the

firearms purchased by CLEMENTS on February 25, 2023, CLEMENTS stated that one firearm was in the possession of J.J., a gunsmith and friend of CLEMENTS, and one firearm was in the possession of D.M., CLEMENTS' landlord. CLEMENTS confirmed that Subject Telephone #1, #2, and Subject Computer #1 belonged to him.

21.    Following the conclusion of the Federal Search Warrant at 301 North Second Street, Carlsbad, NM, ATF Agents confirmed that neither J.J. nor D.M. were prohibited from possessing firearms. ATF Agents made contact with J.J. and D.M. independently to confirm they each had possession of one of the firearms purchased by CLEMENTS on February 25, 2023.

## ELECTRONIC STORAGE & FORENSIC ANALYSIS

22.    Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. This information can sometimes be recovered with forensics tools.

23.    Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how Subject Telephone #1, Subject Telephone #2, and Subject Computer #1 were used, the purpose of their use, who used Subject Telephone #1, Subject Telephone #2, Subject Computer #1, and when. There is probable cause to believe that this forensic electronic evidence might be on Subject Telephone #1, Subject Telephone #2, and Subject Computer #1 because:

  a.  Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

b. A person with appropriate familiarity with how an electronic device works and the data generated by such devices may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

c. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a device is evidence may depend on other information stored on the device and the application of knowledge about how a device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

d. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

24.     *Nature of examination.*   Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of Subject Telephone #1, Subject Telephone #2, and Subject Computer #1 consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of Subject Telephone #1, Subject Telephone #2, and Subject Computer #1 to human inspection in order to determine whether it is evidence described by the warrant.

25.     Manner of execution. Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the

physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court
to authorize execution of the warrant at any time in the day or night.

## AUTHORIZATION REQUEST

26.     Based on the foregoing, there is probable cause to obtain a search warrant for
Subject Telephone #1, Subject Telephone #2, and Subject Computer #1 in order to procure
additional evidence of a violation of 18 U.S.C. § 922(a)(1) being engaged in the business of dealing
firearms without a license,  18 U.S.C. § 922(a)(6) making false statements when acquiring a
firearm from a federal firearms licensee, 18 U.S.C. § 924 (a)(1)(A) knowingly makes a false
statement or representation with respect to information required to be kept on federal firearms
licensee's records.

27.     This search warrant was reviewed and approved by Assistant United States
Attorney Maria Armijo.

Respectfully submitted,

Marcus Robinson
Bureau of Alcohol, Tobacco, Firearms, and
Explosives

Electronically submitted
and telephonically sworn to before me
on March __22__, 2023:

Gregory J. Fouratt
United States Magistrate Judge

Page 15